T.C. Memo. 1998-120


UNITED STATES TAX COURT


JAMES W. VONDYL, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 12774-97.                    Filed March 26, 1998.


James W. VonDyl, pro se.

Milton B. Blouke, for respondent.


MEMORANDUM OPINION

GERBER, Judge:  Respondent determined income tax
deficiencies for petitioner's 1991 and 1992 taxable years in the
amounts of $13,775 and $8,176, respectively, and additions to tax
as follows:  Section 6651(a),[1] $3,443.75 for 1991 and $2,044.00

---

[1] Section references are to the Internal Revenue Code in
                                        (continued...)

for 1992; section 6654(a), $787.23 for 1991 and $356.58 for 1992. Petitioner has conceded that he received all of the wages and other items that respondent determined were income. His position is that he did not earn a profit from any of the sources determined to be income. More particularly, the questions for our consideration are: (1) Whether petitioner's wages or compensation from services, interest, dividends, gambling winnings, and proceeds from the sale of stock are income, and (2) whether petitioner is liable for the additions to tax under sections 6651(a) and 6654(a) for each of the taxable years 1991 and 1992.

Petitioner resided at Las Vegas, Nevada, at the time his petition was filed in this case. At trial, petitioner appeared, but did not wish to testify or offer evidence. He requested that we decide his case based on a document presenting his position with respect to respondent's determination. Petitioner's argument as to why the determined items were not income to him may be summarized as follows: (1) The section 61 definition of income is inconsistent with Supreme Court opinions that contain the statement that income equates with the concept of profit, and petitioner contends that his exchange of services for wages or compensation is not a profit situation. (2) The right to receive

_____

[1](...continued)
effect for the years in issue, and Rule references are to this Court's Rules of Practice and Procedure.

earnings is "not a privilege that can be taxed." (3) Only income earned outside of the 50 United States is subject to Federal tax. (4) Section 6211 "presupposes that an original assessment has been made."

Petitioner, by selectively analyzing statutes, regulations, and case precedent out of context, has reached the conclusion that amounts he received from any and all sources do not constitute income. Petitioner, following in the footsteps of numerous others who have unsuccessfully attempted to rationalize a way to avoid paying Federal income tax, must also fail. We find petitioner's arguments to be either wholly without merit and not worthy of further analysis and/or previously addressed by this and other courts. See, for example, opinions addressing the question of whether compensation for labor is not subject to tax, such as Funk v. Commissioner, 687 F.2d 264 (8th Cir. 1982), affg. T.C. Memo. 1981-506; Broughton v. United States, 632 F.2d 706, 707 (8th Cir. 1980); Hayward v. Day, 619 F.2d 716, 717 (8th Cir. 1980); Rowlee v. Commissioner, 80 T.C. 1111, 1120 (1983). Further, we are not obligated to exhaustively review and/or rebut petitioner's misguided contentions. Crain v. Commissioner, 737 F.2d 1417 (5th Cir. 1984).

Accordingly, we sustain respondent's determination that certain items set forth in the notice of deficiency are income for petitioner's 1991 and 1992 years. We note that respondent

determined the amount of each income adjustment from information provided by reporting third parties, and the amounts were established by means of deemed admissions under Rule 90. One of the items of income may be the gross proceeds of a security sale; however, petitioner did not wish to provide any evidence, including whether he had any basis in the security sold so as to reduce the amount of tax liability.

Respondent also determined additions to tax in each year under sections 6651(a) (failure to file) and 6654(a) (failure to pay estimated tax). It is clear from the information available in this case that petitioner failed to file a return. In addition, petitioner has offered no evidence or sound explanations as to why these additions to tax should not be imposed. In view of the foregoing, we hold that the additions to tax under sections 6651(a) and 6654(a) are sustained for the taxable years 1991 and 1992. Rule 142(a); New Colonial Ice Co. v. Helvering, 292 U.S. 435 (1934); Welch v. Helvering, 290 U.S. 111 (1933).

To reflect the foregoing,

Decision will be entered for respondent.